UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER HARRIS,

     Plaintiff,

vs.

DELTA AIR LINES, INC.,
JANE DOE 1, and
JANE DOE 2,

     Defendants.

---

KOUSSAN LAW
James M. Tantalo (P85401)
Attorney for Plaintiff
821 West Milwaukee
Detroit, Michigan 48202
(313) 444-8348
Fax: (313) 444-7814
james@k-law.com
Gaige@k-law.com (paralegal)

---

## COMPLAINT AND JURY DEMAND

Plaintiff CHRISTOPHER HARRIS, by and through his attorneys, KOUSSAN LAW, states for his Complaint against Defendants as follows:

### INTRODUCTION

1.    Plaintiff CHRISTOPHER HARRIS brings this action for personal injuries sustained while traveling as a passenger on Delta Air Lines Flight 711 on November 16, 2022. Plaintiff was seated in an aisle seat near the rear of the aircraft.

During beverage cart retrieval, Delta flight attendants moved a galley cart toward the rear of the plane. One crew member was walking backward while pulling the cart. The cart struck Plaintiff's extended leg while he was asleep in his seat.

2.     The impact caused immediate pain, swelling, and numbness in Plaintiff's right leg. Flight attendants provided ice and permitted Plaintiff to move to an open row but did not create an incident report or contact medical personnel. Plaintiff deplaned in a wheelchair. No documentation was completed by the flight crew. No follow-up was initiated by Delta personnel after the flight.

3.     Plaintiff later developed persistent neurological symptoms in both legs and was diagnosed with disc injuries at the lumbar spine. Medical imaging confirmed broad-based disc protrusions with bilateral foraminal narrowing and nerve impingement. Plaintiff's treating orthopedic surgeon determined that the injuries are permanent and not surgically correctable. Plaintiff requires long-term pain management and physical limitations are permanent.

4.     Prior to the incident, Plaintiff owned and operated a licensed construction company serving clients in multiple states. He supervised worksites and participated in physical labor. He is no longer able to perform construction work or manage active job sites. He has been unable to return to his occupation and has experienced a complete loss of business income.

5.      At all relevant times, Defendant DELTA AIR LINES operated as a commercial air carrier with a duty to exercise care for the safety of its passengers. Delta and its employees failed to operate onboard equipment with appropriate caution, failed to warn passengers, failed to render adequate aid, and failed to report or investigate a known injury.

6.      Plaintiff brings this action to recover damages for physical injury, permanent impairment, loss of income, emotional distress, and other losses caused by the conduct of Delta and its flight crew.

7.      Plaintiff hereby incorporates by reference all allegations contained in the paragraphs that follow as though fully set forth herein.

## PARTIES, KEY INDIVIDUALS, AND COMMON ALLEGATIONS

8.      Plaintiff CHRISTOPHER HARRIS ("HARRIS") is an individual and resident of the State of New York. At all times relevant to this Complaint, he was engaged in the licensed construction business and operated a general contracting firm under the name Home Customs, Inc.

9.      Defendant DELTA AIR LINES, INC. ("Delta" or "DELTA AIR LINES") is a Delaware corporation with its principal place of business in Georgia. Delta operates as a commercial air carrier throughout the United States, including regular flights to and from Detroit Metropolitan Wayne County Airport. Delta

conducts continuous and systematic business in the State of Michigan and within this judicial district.

10.   Defendant JANE DOE 1 is a flight attendant employed by Delta who participated in the operation of the galley cart at the time of the incident described in this Complaint. Her legal name is unknown to Plaintiff at this time. Plaintiff will amend the Complaint to reflect her true identity upon discovery.

11.   Defendant JANE DOE 2 is a flight attendant employed by Delta who participated in the operation of the galley cart at the time of the incident described in this Complaint. Her legal name is unknown to Plaintiff at this time. Plaintiff will amend the Complaint to reflect her true identity upon discovery.

12.   At all relevant times, Defendants Jane Doe 1 and Jane Doe 2 were acting within the scope of their employment with Delta and were engaged in duties assigned by their employer.

13.   At the time of the incident, Plaintiff was assigned to seat 35C on Delta Flight 711, a commercial flight from Detroit, Michigan to Phoenix, Arizona. The aircraft was a Boeing 737-900ER.

14.   Defendants Jane Doe 1 and Jane Doe 2 were members of the cabin crew on Flight 711. During beverage cart retrieval service, they jointly operated a galley cart near the rear of the aircraft.

15.     One crew member walked forward, facing the front of the aircraft. The other walked backward, facing the rear. Both were in physical control of the galley cart at the time it contacted Plaintiff.

16.     No verbal warnings were given to passengers in row 35 prior to the cart reaching Plaintiff's seat.

17.     Plaintiff was asleep at the time of the incident. His right leg extended into the aisle. The galley cart struck Plaintiff's right leg at the knee while he remained seated.

18.     The flight crew provided Plaintiff with ice and allowed him to move to an empty row to elevate his leg. No incident report was created or completed. No medical personnel were contacted before landing.

19.     Plaintiff deplaned in Phoenix using a wheelchair provided at the gate. Delta personnel advised Plaintiff that the airline would follow up, but no contact was initiated.

20.     On November 18, 2022, Plaintiff submitted a written complaint to Delta reporting the incident.

21.     Plaintiff subsequently experienced worsening symptoms involving his back and lower extremities. Diagnostic imaging confirmed disc injuries and nerve involvement at the L4–L5 and L5–S1 levels. The injuries are permanent and inoperable.

22.    As a result of the injury, Plaintiff has experienced chronic pain, functional impairment, and loss of mobility. He is unable to return to his prior occupation as a licensed general contractor.

23.    Plaintiff's construction business ceased operations following the injury. Plaintiff defaulted on contracts, terminated projects, and liquidated assets. He has sustained complete loss of income and long-term loss of earning capacity.

## JURISDICTION AND VENUE

24.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

25.    Plaintiff is a citizen and resident of the State of New York.

26.    Defendant DELTA AIR LINES is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Georgia.

27.    Defendants Jane Doe 1 and Jane Doe 2 are sued under fictitious names. Plaintiff alleges on information and belief that each is a citizen of a state other than New York.

28.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the

claims occurred within the Eastern District of Michigan, including the departure of the subject flight from Detroit Metropolitan Wayne County Airport.

## COUNT I – ORDINARY NEGLIGENCE
### (Against All Defendants)

29.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

30.    At all relevant times, Defendant DELTA AIR LINES operated Flight 711 as a commercial air carrier and held itself out to the public as a provider of safe air transportation.

31.    At all relevant times, Defendants Jane Doe 1 and Jane Doe 2 were employees and agents of Delta and were acting within the scope of their employment during the events described in this Complaint.

32.    Defendants owed Plaintiff a duty to use reasonable care under the circumstances to avoid causing injury to passengers on board the aircraft.

33.    Defendants breached that duty in one or more of the following ways:

a. Operating the galley cart in a manner that created a foreseeable risk of harm to seated passengers;

b. Moving the cart without maintaining a clear line of sight;

c. Failing to issue any warning or alert to passengers before moving the cart;

d. Failing to observe the placement of passengers' legs or other obstructions in the aisle;

e. Failing to render adequate care or initiate medical attention after the incident;

f. Failing to complete an incident report or preserve relevant documentation.

34. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff sustained physical injury to his knee, back, and lower extremities; developed neurological impairment; experienced pain, disability, and emotional distress; and incurred medical expenses.

35. Plaintiff has suffered and will continue to suffer economic loss, including the loss of business income and future earning capacity, as a direct result of these injuries.

36. Defendants' acts and omissions were a direct and legal cause of the damages alleged in this Complaint.

## COUNT II – NEGLIGENCE – BREACH OF COMMON CARRIER DUTY
### (Against Defendant DELTA AIR LINES)

37. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

38. At all relevant times, DELTA AIR LINES operated Flight 711 as a commercial air carrier transporting passengers for hire.

39. As a common carrier, DELTA AIR LINES owed Plaintiff a heightened duty to exercise the highest degree of care and foresight for the safety of passengers, consistent with the practical operation of its business.

40.     DELTA AIR LINES breached this duty in one or more of the following

ways:

> a. Permitting its flight crew to operate inflight equipment in a manner that posed an unreasonable risk to seated passengers;
>
> b. Failing to ensure that beverage cart retrieval was performed in a controlled and observable manner;
>
> c. Failing to implement or enforce procedures requiring crew to maintain visibility while moving carts;
>
> d. Failing to warn Plaintiff or other passengers of the impending movement of the cart;
>
> e. Failing to train or supervise crew in proper inflight safety protocols for narrow aisles and obstructed zones.

41.     As a direct and proximate result of these breaches, Plaintiff suffered

serious physical injury, impairment, and related economic and noneconomic loss as

described in this Complaint.

42.     The acts and omissions of the flight attendants, committed within the

course and scope of their employment, are legally attributable to DELTA AIR

LINES.

### COUNT III – RESPONDEAT SUPERIOR
### (Against Defendant DELTA AIR LINES)

43.     Plaintiff incorporates by reference all preceding paragraphs as if fully

set forth herein.

44.     At all relevant times, Jane Doe 1 and Jane Doe 2 were employed by

DELTA AIR LINES as flight attendants assigned to Flight 711.

45.     The conduct of Jane Doe 1 and Jane Doe 2 occurred during working hours, on duty, and within the scope of their employment with DELTA AIR LINES.

46.     The acts and omissions described in this Complaint were committed while Jane Doe 1 and Jane Doe 2 were performing job functions assigned by DELTA AIR LINES, including inflight beverage service and equipment operation.

47.     DELTA AIR LINES is legally responsible for the conduct of Jane Doe 1 and Jane Doe 2 under the doctrine of respondeat superior.

48.     As a direct and proximate result of the conduct of DELTA AIR LINES' employees, Plaintiff sustained the injuries and damages described in this Complaint.

### COUNT IV – NEGLIGENT TRAINING, SUPERVISION, AND RETENTION
### (Against Defendant DELTA AIR LINES)

49.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

50.     At all relevant times, Jane Doe 1 and Jane Doe 2 were employees of DELTA AIR LINES and were subject to its policies, supervision, and training programs.

51.     DELTA AIR LINES had a duty to train its flight attendants to safely operate onboard equipment, to recognize foreseeable risks to passengers, to warn of hazards, and to respond appropriately to inflight injuries.

52.     DELTA AIR LINES had a duty to supervise its flight personnel to ensure compliance with inflight safety standards, cabin procedures, and post-incident protocols.

53.     DELTA AIR LINES also had a duty to screen, evaluate, and remove employees whose conduct posed a foreseeable risk of harm to passengers.

54.     DELTA AIR LINES breached these duties by:

a. Failing to train Jane Doe 1 and Jane Doe 2 on proper procedures for galley cart operation;

b. Failing to implement or enforce policies requiring visual guidance and passenger warnings during cart movement;

c. Failing to supervise the conduct of its flight attendants on Flight 711;

d. Retaining employees who lacked the training or judgment necessary to ensure passenger safety;

e. Failing to require or enforce documentation of inflight injuries;

f. Failing to ensure follow-up or internal reporting after a known onboard injury.

55.     As a direct and proximate result of these failures, Plaintiff sustained the injuries and damages described in this Complaint.

## COUNT V – GROSS NEGLIGENCE
### (Against Defendants Jane Doe 1 and Jane Doe 2)

56.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

11

57.     At all relevant times, Jane Doe 1 and Jane Doe 2 were acting within the scope of their employment as flight attendants for DELTA AIR LINES.

58.     Jane Doe 1 and Jane Doe 2 owed a duty to operate inflight equipment in a manner that would avoid creating an unreasonable risk of harm to passengers in their assigned seats.

59.     The conduct of Jane Doe 1 and Jane Doe 2, as described in this Complaint, constituted gross negligence, including but not limited to:

> a. Moving a full-sized galley cart backward along a narrow aisle without maintaining any rearward line of sight;
>
> b. Failing to observe passengers' seating positions, including limbs extended into the aisle;
>
> c. Failing to provide any verbal warning or request for clearance before initiating movement of the cart;
>
> d. Continuing to move the cart at a pace or angle sufficient to cause physical impact with a seated passenger;
>
> e. Failing to report the injury after it occurred or to initiate required safety or incident protocols.

60.     This conduct demonstrated a substantial lack of concern for whether an injury would result.

61.     As a direct and proximate result of this gross negligence, Plaintiff suffered the physical injuries and other damages described in this Complaint.

## COUNT VI – WILLFUL AND WANTON MISCONDUCT
### (Against Defendants Jane Doe 1 and Jane Doe 2)

62.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

63.     Jane Doe 1 and Jane Doe 2 were present and personally involved in the operation of the galley cart that struck Plaintiff during Delta Flight 711.

64.     At the time of the incident, Jane Doe 1 and Jane Doe 2 knew or should have known that:

> a. The aircraft aisle was narrow and partially obstructed;

> b. Passengers in aisle seats commonly extend their legs partially into the aisle while seated;

> c. Operating a galley cart without visibility or warning posed a significant risk of physical injury to passengers;

> d. A cart moving backward without visual guidance cannot avoid contact with an unseen obstruction;

> e. Once contact with a passenger occurred, the injury required documentation and response.

65.     Despite this knowledge, Jane Doe 1 and Jane Doe 2:

> a. Operated the cart in a blind, rearward direction without maintaining visual control;

> b. Failed to issue any audible warning or request for clearance;

> c. Continued to move the cart after striking Plaintiff;

> d. Failed to summon medical aid, initiate inflight injury procedures, or notify the captain or ground personnel;

e. Intentionally declined to complete an incident report or trigger any formal record of the injury.

66.    The conduct of Jane Doe 1 and Jane Doe 2 reflected a willful disregard for the known safety risks to passengers and a deliberate failure to comply with required safety practices.

67.    As a direct and proximate result of this conduct, Plaintiff sustained serious physical injury, impairment, emotional distress, and economic loss.

## COUNT VII – PREMISES LIABILITY
### (Against Defendant DELTA AIR LINES)

68.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

69.    At all relevant times, DELTA AIR LINES maintained control over the aircraft used for Flight 711, including its cabin, aisles, and onboard equipment.

70.    As a commercial air carrier, DELTA AIR LINES had possession and control of the aircraft cabin and owed Plaintiff, as a fare-paying passenger, the legal status of an invitee.

71.    DELTA AIR LINES had a duty to exercise reasonable care to maintain the aircraft in a condition that would not present unreasonable risks of harm to passengers occupying their assigned seats.

72.     The galley cart used on Flight 711, including the manner and context of its operation by flight crew, constituted a physical condition of the aircraft under the control of DELTA AIR LINES.

73.     The cart was moved through a confined aisle space with no warning and no visual guidance, creating an unreasonably dangerous condition for passengers whose legs were extended near or into the aisle.

74.     DELTA AIR LINES breached its duty to maintain a safe environment for seated passengers by:

> a. Permitting flight crew to operate a galley cart under conditions that obstructed visibility;
>
> b. Failing to implement procedures to prevent contact between moving equipment and passengers;
>
> c. Failing to issue warnings or instructions to avoid foreseeable contact with passengers seated at or near the aisle;
>
> d. Failing to train flight attendants to identify and avoid obstructions in the cabin during cart movement.

75.     As a direct and proximate result of this hazardous condition and failure to correct or guard against it, Plaintiff suffered physical injuries and other damages as described in this Complaint.

### COUNT VIII – NEGLIGENT FAILURE TO RENDER AID
### (Against All Defendants)

76.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

77.    At all relevant times, Plaintiff was a passenger on a commercial flight operated by DELTA AIR LINES, and was under the care, custody, and control of the carrier and its flight crew.

78.    Defendants Jane Doe 1 and Jane Doe 2 were aware that Plaintiff was struck by a galley cart operated by flight crew during the flight.

79.    Plaintiff experienced immediate pain and visible swelling following the impact and reported these symptoms to the crew.

80.    The flight attendants provided ice and permitted Plaintiff to move to an unoccupied row but did not take further steps to assess or respond to the injury.

81.    Defendants did not notify the captain, did not request medical consultation or ground assistance, and did not complete an onboard incident report.

82.    DELTA AIR LINES failed to initiate follow-up or internal investigation after the flight, despite being informed of the injury by Plaintiff both verbally and in writing.

83.    Defendants had a duty to respond reasonably and promptly to known onboard injuries sustained by passengers during flight.

84.    Defendants breached this duty by:

    a. Failing to summon medical assistance;

    b. Failing to monitor Plaintiff's condition during the remainder of the flight;

    c. Failing to notify ground personnel or request a medical escort;

d. Failing to create an incident report or preserve any formal documentation of the injury;

e. Failing to initiate follow-up procedures after the flight.

85.    As a direct and proximate result of this failure to render aid, Plaintiff's injuries were left undocumented and untreated, and he experienced delay in diagnosis and medical care, contributing to prolonged symptoms, impairment, and damages.

### COUNT IX – NEGLIGENCE PER SE (FAA VIOLATIONS)
### (Against Defendant DELTA AIR LINES)

86.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

87.    At all relevant times, DELTA AIR LINES and its employees were subject to federal aviation regulations governing the operation of commercial aircraft and the conduct of onboard personnel.

88.    The Federal Aviation Administration (FAA) requires that flight crew members perform their duties with due regard for the safety of passengers and that onboard service carts be operated in a safe and controlled manner.

89.    Specifically, FAA regulations and guidance require that:

a. Inflight service equipment must not obstruct aisles or create an impact hazard;

b. Crew members must maintain situational awareness during cart movement;

c. Crew must not operate carts in a manner that creates foreseeable risk of harm to passengers;

d. Crews must promptly document and report onboard injuries for regulatory and safety purposes.

90.     DELTA AIR LINES, through its employees, breached these federally imposed duties by:

a. Operating a galley cart without maintaining a line of sight or issuing warnings;

b. Failing to identify or avoid foreseeable passenger contact;

c. Failing to report the incident as required under federal policy and internal procedure.

91.     Plaintiff is a member of the class of persons these regulations are intended to protect, and the harm he sustained is of the type the regulations are designed to prevent.

92.     DELTA AIR LINES' violations of these safety regulations constitute negligence per se.

93.     As a direct and proximate result of these regulatory breaches, Plaintiff suffered the injuries and damages described in this Complaint.

## COUNT X – AGENCY LIABILITY / APPARENT AUTHORITY
### (Against Defendant DELTA AIR LINES)

94.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

95.    At all relevant times, Jane Doe 1 and Jane Doe 2 were employed by DELTA AIR LINES and were acting under its direction, uniform, and authority while performing their duties on Flight 711.

96.    DELTA AIR LINES held out Jane Doe 1 and Jane Doe 2 as flight attendants authorized to act on its behalf and represent its interests in the performance of cabin operations, including passenger safety and inflight services.

97.    Plaintiff reasonably believed that Jane Doe 1 and Jane Doe 2 were acting as agents of DELTA AIR LINES and relied upon their representations, conduct, and omissions as attributable to the airline.

98.    The conduct and omissions of Jane Doe 1 and Jane Doe 2, including the operation of the galley cart, failure to warn or render aid, and refusal to report the injury, were undertaken within the apparent scope of their authority as Delta flight attendants.

99.    DELTA AIR LINES is liable for the conduct of its agents and employees under common law principles of agency and respondeat superior.

100.   As a direct and proximate result of that conduct, Plaintiff sustained the injuries and damages described in this Complaint.

### COUNT XI – SPOLIATION OF EVIDENCE
### (Against Defendant DELTA AIR LINES)

101.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

19

102.   On November 16, 2022, Plaintiff sustained injury onboard Delta Flight 711. The flight crew was informed of the incident and observed Plaintiff's physical condition during the flight.

103.   Upon arrival, Plaintiff requested to file an incident report. Delta personnel advised that the airline would follow up, but no action was taken.

104.   On November 18, 2022, Plaintiff submitted a written complaint to DELTA AIR LINES describing the injury and the circumstances of the incident.

105.   At that time, DELTA AIR LINES had actual notice of a potential legal claim and was under a duty to preserve all evidence related to the incident, including:

      a. Internal flight crew reports or logs;

      b. Aircraft cabin surveillance or voice recordings (if available);

      c. Crew member statements;

      d. Maintenance or service records involving the cart;

      e. Communications related to post-incident follow-up or documentation.

106.   DELTA AIR LINES failed to document the incident at the time it occurred, failed to preserve internal records, and failed to follow up on Plaintiff's written report.

107.   DELTA AIR LINES' failure to preserve relevant evidence was either intentional or grossly negligent and has prejudiced Plaintiff's ability to prove his claims.

108.   As a result of this spoliation, Plaintiff has been deprived of evidence material to liability and causation, and is entitled to relief including adverse inferences, evidentiary sanctions, or other remedies deemed just by the Court.

## COUNT XII – LOSS OF EARNING CAPACITY
### (Against All Defendants)

109.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

110.   Prior to the incident, Plaintiff was a licensed general contractor and the sole owner-operator of a construction company performing residential and commercial work in multiple states.

111.   Plaintiff's work required physical labor, on-site supervision, and regular travel. Plaintiff performed tasks including structural construction, renovation management, subcontractor coordination, and client negotiation.

112.   Following the incident described in this Complaint, Plaintiff developed permanent neurological and musculoskeletal impairments that prevent him from performing construction-related duties.

113.   Plaintiff has been unable to return to work in any capacity. He has lost all income generated by his construction business and was required to terminate active projects and liquidate operating assets.

114. Plaintiff's treating physicians have determined that his injuries are permanent, not operable, and likely to require long-term management. As a result, Plaintiff has experienced and will continue to experience:

> a. Loss of present and future wages;
>
> b. Loss of business income;
>
> c. Loss of earning capacity and professional opportunity;
>
> d. Loss of access to future retirement or capital growth based on continued work.

115. Plaintiff's loss of earning capacity is a direct and proximate result of the conduct of the Defendants as described in this Complaint.

## COUNT XIII – PUNITIVE / EXEMPLARY DAMAGES
### (Against All Defendants)

116. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

117. The conduct of Defendants, as described in this Complaint, was not merely negligent, but involved knowing and deliberate disregard for the safety and well-being of Plaintiff as a passenger onboard Flight 711.

118. Jane Doe 1 and Jane Doe 2 operated inflight equipment in a manner that disregarded foreseeable harm, failed to provide aid following a known injury, and took affirmative steps to avoid documentation of the incident.

119. DELTA AIR LINES, through its agents and employees, failed to initiate post-flight review, preserve relevant evidence, or respond to Plaintiff's complaint, despite actual notice of injury.

120. These actions were taken with knowing indifference to Plaintiff's condition, in conscious disregard of airline safety standards and reporting protocols.

121. Defendants' conduct supports an award of punitive or exemplary damages under applicable law, including but not limited to:

       a. Willful and wanton misconduct;

       b. Intentional infliction of emotional distress;

       c. Spoliation of evidence;

       d. Civil conspiracy to suppress material facts;

       e. Institutional disregard of post-injury obligations.

122. Plaintiff requests an award of punitive and exemplary damages in an amount sufficient to punish Defendants and to deter similar conduct in the future.

## PRAYER FOR RELIEF

123.  Plaintiff seeks compensatory damages for the physical injuries he sustained as a result of Defendants' negligence, including permanent spinal and neurological impairment, chronic pain, loss of mobility, and physical suffering. Plaintiff further seeks recovery for all losses resulting from the failure of DELTA AIR LINES to exercise the degree of care required of a commercial air carrier, including its failure to supervise and control onboard personnel and equipment during the subject flight.

124.  Plaintiff seeks damages arising from the conduct of Delta's employees under both direct and vicarious liability theories, including the conduct of flight attendants who acted within the scope of their employment. Plaintiff also seeks damages resulting from DELTA AIR LINES' failure to train, supervise, and retain competent employees capable of performing their duties in a safe and reasonable manner.

125.  In addition, Plaintiff seeks recovery for Defendants' grossly negligent and reckless conduct, including the operation of inflight equipment without visibility or warning, and the complete disregard of Plaintiff's condition following the injury. Plaintiff seeks damages for DELTA AIR LINES' failure to maintain a safe condition within the aircraft cabin, and for the injuries caused by the foreseeable and preventable hazard created by the manner in which the galley cart was operated.

126.   Plaintiff seeks damages for the failure of Defendants to provide reasonable aid and follow appropriate protocols after learning of the injury, and for the delay in care that resulted from their omissions. He further seeks compensation for emotional harm caused by Defendants' indifference and failure to act in accordance with the obligations imposed on them under federal aviation regulations and internal safety policies.

127.   As a result of these acts and omissions, Plaintiff has suffered the total loss of his business, his income, his ability to work, and his earning capacity. Plaintiff therefore seeks full economic damages arising from that loss, as well as the costs of future care and loss of earning opportunity.

128.   Plaintiff also seeks remedies available for spoliation of evidence, including appropriate evidentiary sanctions or inferences relating to the failure of DELTA AIR LINES to document the incident or preserve relevant records following receipt of Plaintiff's written complaint.

129.   Plaintiff further seeks punitive and exemplary damages based on the willful and intentional conduct of the individual defendants and the institutional failure of DELTA AIR LINES to meet its obligations to passengers under its care.

WHEREFORE, Plaintiff CHRISTOPHER HARRIS respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, jointly and severally, and award all damages to which he is legally entitled. Plaintiff seeks an award of costs, interest, and attorney fees as permitted by applicable law, and any other relief this Court deems just and proper.

Respectfully submitted,

KOUSSAN LAW

  /s/ *James M. Tantalo*
By: JAMES M. TANTALO (P85401)
*Attorney for Plaintiff*

Date: August 29, 2025

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KOUSSAN LAW

  /s/ *James M. Tantalo*
By: JAMES M. TANTALO (P85401)
*Attorney for Plaintiff*

Date: August 29, 2025