UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER HARRIS,

Plaintiff,

v.

Case No. 25-cv-12732
HON. MARK A. GOLDSMITH

DELTA AIR LINES, INC., et al,

Defendants.
______________________________/

**OPINION & ORDER DENYING PLAINTIFF'S (1) MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (Dkt. 15) AND (2) MOTION TO ADJOURN CERTAIN DATES (Dkt. 19)**

Before the Court is Plaintiff Christopher Harris's motion for leave to file a first amended complaint and a motion to adjourn certain dates. (Dkts. 15, 19). For the reasons that follow, the Court denies both motions.[1]

## I. BACKGROUND

In August of 2025, Harris filed this lawsuit against Defendants Delta Air Lines, LLC and flight attendants Jane Does 1 and 2. See Compl. (Dkt. 1). Harris's complaint alleges thirteen counts under Michigan law related to injuries that he allegedly sustained from a beverage cart while traveling as a passenger on a Delta flight in November of 2022. Id. ¶ ¶ 1, 29–122.

The Court issued a case management order on December 18, 2025. (Dkt. 9). The order stated that "parties may not be added or pleadings amended more than 14 days after issuance of

[1] The briefing for Harris's motion for leave to file his first amended complaint also includes Delta's response (Dkt. 18) and Harris's reply (Dkt. 20). The briefing for Harris's motion to adjourn also includes Delta's response (Dkt. 21). The Court heard oral argument on the motions on September 3, 2026.

this Order, absent a showing of good cause." Id. at PageID.97. The case management order also outlined that Plaintiff's expert witness list, disclosures, and reports were due on August 3, 2026, expert discovery cut-off was on September 14, 2026, and dispositive motions and motions to limit or exclude expert testimony were due September 28, 2026. Id. at PageID.95.

## II. ANALYSIS

### A. Motion For Leave to File First Amended Complaint (Dkt. 15)

Federal Rule of Civil Procedure 15(a) requires a party seeking to amend a complaint, other than as a matter of course, to first obtain the opposing party's written consent or leave of the court. Rule 15(a) dictates that courts should "freely give leave when justice so requires." "Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." Seals v. Gen. Motors Corp., 546 F.3d 766, 770 (6th Cir. 2008).

The Federal Rules of Civil Procedure also require courts to issue scheduling orders that "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The rule also dictates that the schedule can only be modified for "good cause and with the judge's consent." Id. at 16(b)(4). Together, these rules require a plaintiff seeking to amend a complaint after the scheduling order's deadline passes to show good cause under Rule 16(b) before considering whether amendment is proper under Rule 15(a). Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003). Rule 16's good cause showing requires the Plaintiffs to demonstrate diligence in attempting to comply with the scheduling order's requirements as well as the potential prejudice to the non-movant. Leary, 349 F.3d at 906, 909.

Harris argues that on June 18 and 19, 2026 that he and "several fact witnesses" were deposed and that these depositions "materially changed the factual record" regarding potential race discrimination claims. Mot. at PageID.160. Harris asserts that the deposition testimony "transformed what had previously been an insufficiently developed concern into a good-faith basis to plead that [he] was denied equal treatment in the benefits and services provided by Delta because of race." Id. at 161. Harris argues that there is no bad faith, dilatory motive, or undue delay and that Delta will not be unduly prejudiced by the amendment because fact discovery remains open until August 14, 2026. Id. at 162.

Delta argues that Harris has not shown good cause because the testimony that purportedly "changed the factual record" was testimony from Harris himself and thus the alleged race discrimination was known to him since the incident in November of 2022. Resp. at PageID.220. And, because Harris cannot show that his discrimination claims were unavailable prior to his deposition, he has not shown good cause for delay in seeking to amend his complaint. Id. at PageID.221. Further, under Federal Rules of Civil Procedure 8 and 11, Harris did not need deposition testimony to plead his discrimination claims. Id. at PageID.221–222.

Harris has not demonstrated diligence in seeking to amend his complaint approximately six months past the scheduling order deadline. Harris did not need deposition testimony to plead a race discrimination claim based on facts that he himself knew. Nor did he need proof from other deponents who allegedly witnessed the discriminatory behavior. All that Harris needed to plead a race discrimination claim was "sufficient facts to notify a defendant of the plaintiff's claims and support a reasonable inference that the defendant is liable for the misconduct alleged . . . ." Washington v. First Nat'l Bank of Penn., 179 F.4th 1008, 1017 (6th Cir. 2026) (citing Fed. R. Civ.

P. 8(a)(2); Ashcroft v. Iqbal, 555 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Harris had this information when he first filed this lawsuit.

Delta would also be prejudiced by this amendment. Delta would have to take additional discovery and potentially file another dispositive motion to address Harris's new claims. See e.g., George v. Kraft Foods Global, Inc., 641 F.3d 786, 791 (6th Cir. 2011) (finding that the district court did not abuse its discretion in denying a motion to amend under the more lenient Rule 15 standard, even where the discovery deadline had not yet closed, where "allowing the amendment would have required the parties and the court to backtrack and redo work that had already been completed . . . .").

For these reasons, the Court denies Harris's motion for leave to amend his complaint.

**B. Motion to Adjourn Certain Dates (Dkt. 19)**

Motions to adjourn case management orders are governed by Federal Rule of Civil Procedure 16(b)(4). The rule allows courts to extend deadlines for "good cause." Again, the primary consideration of "good cause" is a showing of diligence to meet the case management order's deadlines. Inge v. Rock Financial Corp., 281 F.3d 613, 625 (6th Cir. 2002) (punctuation modified).

Harris's motion requests a 45-day extension for certain expert-related deadlines because the financial expert that he retained requires additional time to review his "complex" financial history and prepare a report. Mot. at PageID.366. Harris asserts that good cause for adjournment exists and that he has not previously requested an adjournment of the scheduling order. Id.

Delta disagrees. It argues that Harris has not shown good cause for an adjournment because he has not shown diligence in meeting his expert discovery deadlines. Resp. at PageID.396. Delta asserts that Harris has alleged claims for economic damages since he sent his pre-suit demand

letters in September and November 2024, and therefore, any argument that he needs more time to conduct an economic analysis shows that he has not been diligently pursuing his claims. Id. Further, until August 3, 2026, Harris's disclosures related to economic damages had been tax returns, which he disclosed on March 11, 2026. Id. at PageID.395. And that on August 3, 2026, the day after his expert disclosures were due, Harris disclosed 300 additional pages of documents related to his economic damages. Id. at PageID.396. None of these documents was new as none was dated after 2025. Id.

The Court again agrees with Delta. Harris has alleged claims for economic damages for nearly two years before he filed his motion to adjourn. He cannot assert that he has been diligently pursuing his claims when he just recently disclosed 300 pages of economic-related documents. Nor does it seem probable that an economic expert needs nearly two years to analyze and write a report. Finally, no substantiation whatsoever is offered regarding how "complex" his financial affairs are.

Harris fails to establish "good cause" to modify the schedule.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Harris's motions for leave to file his amended complaint and to adjourn certain dates in the scheduling order (Dkts. 15, 19).

**SO ORDERED.**

Dated: November 20, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 20, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager